[No. 10,832.   In Bank.— May 31, 1884.]
THE PEOPLE, RESPONDENT, *v.* WONG AH BANG
AND WONG AH BUE, APPELLANTS.

CRIMINAL LAW—INTERPRETING EVIDENCE—PRACTICE. — Where the court, during the trial of a criminal case, instructs the interpreter that whenever the witness undertakes to state something that somebody else has told him he should inform the court, it would be error warranting a reversal of the judgment if it appear that such instructions were acted upon, and that the interpreter merely reported to the court that the witness had stated something that had been told him by somebody, and the court had acted on the bare statement without requiring the interpreter to repeat what the witness had said; but if it does not so appear, the judgment should not be disturbed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*H. E. Highton,* for Appellants.

*Attorney-General Marshall,* for Respondent.

THORNTON, J.— There is no error in this record.   The main point as to the *alibi* set up by defendants presents a case of conflicting evidence, with no features which take it out of the general rule so frequently announced by this court, that under such circumstances there can be no reversal.

There is but one other point which we think it necessary to notice:—

During the trial a Chinaman was under examination as a witness, through an interpreter, and (we quote from the transcript), the following occurred:—

" Q. When did he [referring to one of the defendants] get up out of his bed of sickness?

"A. He was sick that night, and the next morning at nine o'clock when we got up for breakfast he was sick, and somebody came in and somebody said there has been some stabbing—

"Mr. Murphy (interrupting) I submit, your honor, they are not entitled to answer, that is not responsive to my question.   I asked him simply when did Wong Ah Bang get up from that bed of sickness?

LXV. CAL.—20.

"The court then instructed the interpreter who was interpreting the evidence of the witness, in the language following: 'I will say this, however, to the interpreter, that whenever the witness goes on to state something that has been told to him by somebody else, that he will so inform the court, and then I will not admit that part of the answer. It is not necessary first to receive it before striking it out; you can avoid it by the interpreter so stating. But so far as this answer is concerned, it is now before the court and jury, and the only thing is to strike out that part which is not responsive.'

"Mr. Highton. Now the point I make is, the interpreter is to translate from the English into Chinese, and from the Chinese into English. I claim that he cannot even judge that the Chinaman is stating something that is irrelevant.

"The Court. I differ from you; whenever he undertakes to tell something that has been told to him by somebody else, then that he shall so inform the court.

"Mr. Highton. I only wanted that to go upon the records. I will except to it. I will note an exception to your instructions to the interpreter."

If it appeared in the transcript that these instructions to the interpreter were acted on, and that the interpreter merely reported to the court that the witness had stated something that had been told him by somebody else, and the court had acted on that bare statement, without requiring the interpreter to repeat what the witness had said, we should hold it to be clearly error, for which a reversal should be ordered. It is the duty of the interpreter to interpret and report to the court every statement made by the witness. The court should so instruct the interpreter and require a strict compliance with such instruction. The direction above given to the interpreter by the court, would devolve on the interpreter the duty belonging by law to the court, which duty the court cannot transfer to another person. The parties have a right to hear what was said by the witness, and the court may be asked to rule on it. An interpreter is not selected for the discharge of a duty *essentially judicial.* We think it necessary to make these observations on this point, adding, as above stated, that as it does not appear from the record that the direction to the interpreter was acted

on, we find nothing on which to base a judgment for reversal. The error committed was one where no injury to the defendants supervened.

Judgment and order affirmed.

MORRISON, C. J., MYRICK, J., and ROSS, J., concurred.