[Crim. No. 4821.   Second Dist., Div. Three.   Aug. 8, 1952.]

THE PEOPLE, Respondent, v. SHERWOOD B. FOREMAN, Appellant.

John J. Bradley and Max Solomon for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant was charged by information with violation of subsections 1, 2, 3 and 4 of Penal Code, section 337a. Before trial, on motion of defendant, the counts as to subsection 1 (bookmaking) and 3 (receiving, holding, or forwarding money or memoranda referring to money bet) were dismissed on motion for insufficiency of evidence under section 995, Penal Code. The cause was submitted on the transcript of the preliminary hearing, neither party offering witnesses. Defendant was found not guilty of violation of subsection 4 (recording or registering a bet) but was found guilty of violating subsection 2 (keeping or occupying a place with papers or paraphernalia for the purpose of recording or registering a bet). Probation was granted and defendant appeals from the order denying his motion for a new trial.

Stating the evidence most strongly in favor of the judgment of conviction the record shows: Defendant was arrested June 13, 1951, by Deputy Sheriff Lelong at the Paddock Cafe on Florence Avenue in Los Angeles. At the time of arrest defendant was at the bar in the main room of the cafe. The building contains a rear room separated by a locked door from the main room. Search of defendant's person by the deputy disclosed four slips of paper bearing names and numerals in decimal form opposite each name, a blank scratch pad of the same kind of paper, two pencils and three jackets for nickels, dimes and pennies. When asked for a key to the back room defendant denied he had one but further

618

search revealed two sets of keys and a key on one set opened the door to the back room. Defendant stated that the key belonged to the janitor, he had only borrowed it to go to the back room to telephone his wife. There was a telephone in the main room. Lelong and defendant entered the back room and there the deputy took a sheaf of 31 slips of paper from a cardboard box. These slips were betting markers, having recorded thereon initials or nicknames of bettors, names or symbols for horses, and figures indicating bets for win, place and show. None of the horses listed was running June 13, 1951. Deputy Lelong asked defendant if any of the slips were in his handwriting and defendant replied in the negative.

Albert Leacock was also a witness at the preliminary hearing but testified to nothing that happened on June 13th nor to anything connected with a violation of section 337a(2). Furthermore, Leacock's testimony was so equivocal as to result in the dismissal of the charges under subsections 337a(1) and (3). Leacock had sworn out a complaint stating he had once given defendant a $2 bet but while testifying repeatedly stated he made a bet with another person who looked like defendant. After persistent pressure by the Deputy District Attorney Leacock said he placed a $2.00 losing bet with defendant sometime in 1951.

No attempt was made at the trial to show similarity of handwriting between that of defendant and that on the betting markers found in the back room. It must therefore be presumed that evidence on that point would have been adverse to a claim of identity or similarity.

Insufficiency of the evidence is the only ground advanced for reversal, which is sustainable only if the record shows that on no hypothesis is there evidence sufficient to support the judgment. (*People* v. *Gutierrez*, 35 Cal.2d 721, 727 [221 P.2d 22].) However, there must be some rational connection between the evidence presented and the inference of guilt. In considering the record of this case, a salient factor is the acquittal of the charge of recording bets and the dismissal for lack of evidence of the charges of bookmaking and receiving, holding or forwarding money or memoranda. The Legislature has carved section 337a, Penal Code, into many subsections and has with great specificity set out the acts constituting a violation of the various subsections. The case of the People must stand or fall on the evidence pertaining only to the acts specified in subsection 2.

Violation of section 337a(2) is committed by "[E]very person (2) Who . . . keeps or occupies . . . any room . . . of any kind, or any part thereof with a book or books, paper or papers, apparatus, device, or paraphernalia, for the purpose of recording or registering any bet or bets . . ." even though the act denounced occurs only once. It is essential that the person charged (1) keep or occupy the room, (2) that the room contain specified paraphernalia, (3) and that the occupancy and paraphernalia are for the purpose of recording or registering bets. (*People* v. *Woods,* 35 Cal.2d 504, 508 [218 P.2d 981].)

In *People* v. *Rabalete,* 28 Cal.App.2d 480 [82 P.2d 707], a judgment of conviction under 337a(2) was reversed where the evidence showed the room was kept by defendant and betting paraphernalia was present but there was no admissible evidence to connect defendant with the paraphernalia and thus show the third element—the purpose of the occupancy.

In *People* v. *Simon,* 66 Cal.App.2d 860 [153 P.2d 420], a judgment of conviction under 337a(2) was reversed where there was proof that defendant occupied the room and that there was paraphernalia there, but once again no proof that defendant's occupancy had anything to do with the paraphernalia.

Although it is readily apparent that the evidence in this case is sufficient to establish that the room was occupied for the purpose of recording bets, the evidence that defendant so occupied it is lacking. True, defendant did have a key and that would clearly indicate that he intended at some time to enter the room. But evidence that defendant occupied the room for purposes of recording bets, the necessary element which was missing in the Rabalete and Simon cases, is conspicuous here by its absence. The only items in defendant's possession connected with betting paraphernalia were the "owe" sheets which are commonly used to pay bets or make collections but not to "record or register bets." The betting markers in the room were not in defendant's handwriting and were not for races run on June 13th. As we view the evidence it shows only that the back room had been occupied by someone at some time prior to the date of arrest for the purpose of recording bets. It does not show the room was so occupied that day. It does not show that defendant had ever been in the room, that he had any belongings in it, or that any writing in the room was his. He was not guilty of bookmaking or receiving a bet. He was

acquitted of registering bets and therefore was acquitted of acts which would have aided and abetted the person or persons who had registered bets upon the markers that were found in the room. And as to these there was no evidence as to when or where they had been registered.

In all the cases cited by the People to uphold the judgment there was evidence of paraphernalia for recording bets on races run or to be run the day of the arrest. In all of such cases the defendant was either in the room or was seen coming out of the only exit to the room and had a key to it. These elements were present even in *People* v. *Rabalete, supra,* 28 Cal.App.2d 480, and *People* v. *Simon, supra,* 66 Cal.App.2d 860. It is clear that there was insufficient evidence on which to base a conviction of "occupying a room with betting paraphernalia for the purpose of recording bets." The reasonable inference that defendant had something to do with bookmaking as evidenced by his possession of "owe" sheets does not supply the many missing evidentiary links to make out a violation of 337a(2). The Legislature has not seen fit to make possession of "owe" sheets a crime.

The laws are the same for persons accused of bookmaking as for those accused of other offenses. The fact that bookmaking is a prevalent evil does not justify the conviction of an alleged bookmaker upon evidence which, if addressed to some other charge, would arouse only suspicion.

The order denying a new trial is reversed for a new trial.

Wood (Parker), J., and Vallée, J., concurred.