[Crim. No. 5099.   Second Dist., Div. One.   Nov. 3, 1954.]

THE PEOPLE, Respondent, v. WILLIAM R. HAGAN, Appellant.

William R. Hagan, in pro. per., and David E. Agnew, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

WHITE, P. J. — The district attorney of Los Angeles County filed an information in which defendant was accused of the crime of violating the Dangerous Weapons Control Law of 1923 (thereafter codified as Pen. Code, § 12021), a felony.

It was also alleged that defendant had been previously convicted of felonies, to wit: the crimes of assault with a deadly weapon, robbery and kidnapping, on the 24th day of April, 1948, in the Superior Court of the State of California, in and for the City and County of San Francisco.

Trial by jury was waived and the cause was heard before the court which found the defendant guilty of the offense charged against him.

From the judgment of conviction he prosecutes this appeal.

Concerning the factual background surrounding this prosecution, the record reflects that on the night of April 6, 1953, defendant and one Frank Gerard were unloading the latter's automobile in front of 3023 South Hoover Street, in the city of Los Angeles.

Police officers Jack C. Rollins and Carroll H. Simon arrived upon the scene about 7 p.m., at which time defendant was standing in the parkway alongside the automobile and Gerard was standing in the street behind the vehicle. The officers ordered the two men to put up their hands, whereupon defendant said to Gerard, "Don't try anything, my father and mother are here." Defendant's parents who lived at the aforesaid address, came out of the house and one of them said, "They aren't doing anything," and were cautioned by Officer Simon "to stay back." The officer then searched defendant and Gerard. While searching defendant, Officer

Simon found a .32 calibre nickel-plated revolver in the right-hand pocket of the former. In the cylinder of the weapon six live .32 calibre shells were found. From the waistband of Girard the officers recovered a .32 calibre Savage automatic fully loaded.

Officer Rollins testified that he later had a conversation with defendant at the police station, as follows:

"A. I asked the defendant whose gun it was, that my partner had taken off him, and he stated it was his own. I asked him why he had a gun. He said he was moving, otherwise he would not have had it. I asked him if he was an ex-con and he said he guessed he was, he knew he would have to go back to the joint because he would be violating his probation (sic) for having a gun."

Officer Simon testified that some three days after defendant's arrest, in a conversation with Margaret Garcia, defendant's common-law wife, the latter stated that a gun had been around their home for several weeks, and she had been planning to get rid of it but never did. On the witness stand Mrs. Garcia testified that she had never seen a gun around her home.

Defendant Hagan testified in his own behalf that the officers never found a gun on his person, that he did not have a gun on his person and that he had never seen the gun allegedly taken from his pocket until it was shown to him later. Gerard testified that he had both the guns in the glove compartment of his car, and that the police officers must have found them there.

As his first ground for reversal, appellant urges that the introduction into evidence of the records from the Department of Corrections of the State of California was not in compliance with the provisions of Penal Code, section 969b, and, therefore, constituted prejudicial error. The records in question consisted in part of a letter from Mr. A. G. Oakley, Chief Record Officer of the Department of Corrections, in which he sets forth the fact that the official record custodian is Mr. Richard McGee, Director of the Department of Corrections, and that Mr. McGee had authorized Mr. Oakley to certify to defendant's previous incarceration. The letter continues by saying that defendant had been incarcerated at San Quentin between April 24, 1948, and July 24, 1952. Included also in the aforesaid records are a fingerprint card, a photograph of defendant, and photostatic copies of

two judgments of conviction and two state prison commitments.

At his trial, appellant objected to the introduction of the foregoing records on several grounds: "First, that the certification was not proper in that Mr. A. G. Oakley could not certify to his own authority; secondly, that the documents were incompetent and immaterial; and third, that no proper foundation was laid for their introduction." The same contentions are now advanced on appeal.

■ Section 969b of the Penal Code provides that records of prior conviction and imprisonment may be introduced into evidence when they "have been certified by the official custodian of such records." Appellant contends that, "In this case the certification was made by Mr. Oakley (Chief Record Officer of the Department of Corrections) who thereon certified to his own authority with nothing to indicate that he had such authority." In this regard, appellant overlooks sections 7 and 1194 of the Government Code, which provide in substance that when a power is granted to or a duty imposed upon a public officer, either the power or the duty may be exercised or performed by a deputy of such officer. In the instant case there certainly was a prima facie and uncontradicted showing that Mr. Oakley was a deputy of the Director of the Department of Corrections. There was no error committed by the trial court in holding that these records were properly authenticated (*People* v. *Beal*, 108 Cal.App. 2d 200, 205 [239 P.2d 84]).

■ That the documents were not incompetent and immaterial is manifest. One of the elements involved in the offense charged against appellent required proof that he was an ex-convict. The documents in question were addressed to the issue of whether or not appellant had previously been convicted of a felony. They were, therefore, relevant and competent after a proper foundation was laid for their introduction into evidence. In the case at bar, the requirements of such foundation were met.

Furthermore, the foregoing records and documents were merely cumulative evidence that appellant had suffered prior felony convictions and incarceration therefor. On his direct examination, appellant admitted he had served imprisonment following conviction of robbery. The evidence as to his prison record was therefore, merely cumulative of the foregoing admission of conviction and service of sentence for a

felony (*People* v. *Houston*, 88 Cal.App.2d 11, 16 [198 P.2d 53]).

Finally, appellant insists that the evidence is insufficient to sustain the finding of guilt. We have hereinbefore set forth the evidence contained in the record and it is not necessary to repeat it. Suffice it to say that there is contained in the record ample evidence to sustain the conviction. ▪ True, the testimony was in conflict but that does not justify a reversal. ▪ The credibility of witnesses and the verity of their testimony are matters addressed to the duly constituted arbiter of the facts. ▪ The function of an appellate tribunal is not to retry the case, but begins and ends with the determination of whether the record sustains evidence, contradicted or uncontradicted, of sufficient substantiality to justify the conclusion arrived at in the court below. While the testimony of defense witnesses and the alleged variances, contradictions or inconsistencies appearing in the testimony of the police officers undoubtedly afforded opportunity for a persuasive argument to the trial judge, we see in the latter nothing from which a reviewing court could justly conclude that the entire evidence of said witnesses for the prosecution is *per se,* unbelievable, and that it was therefore, the trial judge's duty not only to wholly disregard it but to accept as true the testimony given by appellant and the witnesses who testified in his behalf. ▪ Appellate courts are not authorized to review evidence, except where, on its face, it may justly be held that it is insufficient to support the ultimate issue involved, in which case it is not a review of a question of fact, but purely one of law (Code Civ. Proc., §§1847, 2061). No such situation is here presented and under our view the decision of the trial judge is amply supported.

For the reasons stated, the judgment is affirmed.

Doran, J., and Drapeau, J., concurred.