[Crim. No. 6506. In Bank. Nov. 24, 1959.]

THE PEOPLE, Respondent, v. RAYMOND DWIGHT JACKSON, Appellant.

Raymond Dwight Jackson, in pro. per., and William H. Lally, under appointment by the Supreme Court, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and G. A. Strader, Deputy Attorneys General, for Respondent.

PETERS, J.—Defendant was charged, in Count I, with assault with a deadly weapon and, in Count II, with possession of a firearm capable of being concealed upon the person by one who had been previously convicted of a felony. Two prior felony convictions were charged, and were admitted by the defendant. The cause was tried before a jury upon defendant's plea of not guilty as to both counts. The jury returned verdicts of guilty as to both counts and defendant was sentenced to imprisonment for the term prescribed by law as to Count I. The court dismissed Count II. Defendant appeals from the judgment of conviction.

The facts most favorable to the prosecution are: Defendant was a boarder at a residence owned by a Mrs. Coan. Jesus Camarillo and his wife Cecelia lived in a trailer on property owned by Mrs. Coan adjacent to the house. On the afternoon of July 6, 1958, Mrs. Coan, Mr. and Mrs. Camarillo, defendant and another couple had dinner together and consumed a quantity of beer. The gathering was a friendly one, although defendant's attitude changed when he learned that Mrs. Coan's son, John, was to return home in several days. Because of defendant's attitude, Mrs. Coan was afraid to sleep in the house, and asked if she could sleep in the Camarillos' automobile which was in the yard. Mr. Camarillo said that instead she could sleep in the trailer with his wife and that he would sleep in the automobile. Mr. Camarillo testified

that after the party had broken up defendant came down to the automobile and inquired as to the whereabouts of Mrs. Coan. After Mr. Camarillo told defendant that he did not know, defendant returned to the house. A short time later defendant again approached the automobile and asked for Mrs. Coan. After again being told by Mr. Camarillo that he did not know, defendant went to the door of the trailer and pulled it open, demanding to see Mrs. Coan. At this point Mr. Camarillo ran up to the scene and a fight ensued. Mrs. Camarillo testified that she saw defendant strike her husband with a revolver that was partially concealed in his hand by a handkerchief. Both defendant and Mr. Camarillo fell to the ground. Mr. Camarillo then found a piece of lead pipe with which he commenced beating the defendant. The defendant attempted to run away but was overtaken by Mr. Camarillo, who then sent his wife for the police.

When the police arrived, defendant and Mr. Camarillo had gone to a nearby clinic for medical treatment. Mr. Camarillo had suffered a lacerated scalp while defendant's injuries were much more serious. He too had a severe laceration on his scalp and his arm was broken in four places. Mrs. Coan had picked up the revolver and was holding it in her hand, covered with a handkerchief, when the police arrived. However, when asked by the police what she had in her hand, she replied "Nothing." The police then ascertained that the defendant and Mr. Camarillo were receiving medical treatment, went to the clinic, put defendant under arrest, and thereafter returned to the Coan residence. At this time Mrs. Coan turned the revolver over to them.

Defendant denied almost all of the prosecution evidence. He testified that he was always on good terms with the Camarillos and Mrs. Coan; that he made one, not several, visits to the automobile; that, as he was standing outside the trailer door, Mr. Camarillo came up and hit him and continued hitting him; that he did not strike a single blow in the scuffle; and that he did not have a revolver in his possession.

The defendant's primary contention is that the trial court erred in admitting evidence of a prior felony conviction, where the defendant had admitted it and another prior conviction prior to the trial. The defendant asserts that both the charging of a violation of Penal Code, section 12021 (possession of a revolver by a felon), and the subsequent introduction of evidence of his prior conviction before he had testified were done merely to bias the jury.

The point is without merit. The prosecution was entitled to charge defendant with both crimes and convictions were permissible on both counts. (See *People* v. *Warren*, 16 Cal.2d 103, 110-111 [104 P.2d 1024].) The evidence of the prior conviction was clearly admissible. The status of the defendant as a felon was an essential element of the offense set out in section 12021 and had to be proved in the same manner as all other elements of the offense. Defendant's plea of not guilty to Count II put his status in issue, so that proof of the prior felony conviction was necessary. (*People* v. *Israel*, 91 Cal.App.2d 773, 779-781 [206 P.2d 62]; *People* v. *Domenico*, 121 Cal.App.2d 124 [263 P.2d 122], footnote, 126; *People* v. *Hagan*, 128 Cal.App.2d 491, 494 [275 P.2d 616]; *People* v. *Garrow*, 130 Cal.App.2d 75, 85 [278 P.2d 475]; *People* v. *Dewberry*, 51 Cal.2d 548, 554 [334 P.2d 852]; *People* v. *Forrester*, 116 Cal.App. 240 [2 P.2d 558].)

The district attorney clearly stated his purpose in introducing this evidence, as follows: ". . . I believe it is a part of the burden of proof as far as the second count of the information is concerned. . . ." Thus there was no error in admitting the evidence.

 It should be mentioned that defendant took the stand as a witness in his own behalf. He was therefore subject to impeachment by proof of conviction of a felony (Code Civ. Proc., § 2051). Thus, when the case went to the jury, this evidence could be considered by it for that purpose.

 It is worthy of note that no objection was made to the introduction of this evidence. This would normally preclude consideration of the alleged error on appeal. The defendant contends, however, that in the interests of justice the claimed error should be considered on appeal. We have considered this charge of error and find it to be without merit.

 The defendant next contends that the jury failed to follow the law as stated in several instructions given by the trial court. These instructions deal with self-defense and are as follows:

"Where a person seeks or induces a quarrel which leads to the necessity in his own defense of using force against his adversary, the right to stand his grounds and thus defend himself is not immediately available to him, but, instead he first must decline to carry on the affray, must honestly endeavor to escape from it, and must fairly and clearly inform his adversary of his desire for peace and of his abandonment of the contest. Only when he has done so will the law justify

him in thereafter standing his ground and using force upon his antagonist.''

''One who is the aggressor in starting a physical combat nevertheless may come into the right of lawful self-defense under certain circumstances: If in good faith he declines further combat, honestly endeavors to desist therefrom, and fairly and clearly informs his adversary of his desire for peace and that he has abandoned the contest, and if thereafter his opponent continues the affray, the original aggressor's rights with respect to self-defense are then the same as the rights of any person assaulted by another, and as previously defined by me.''

It is defendant's contention that the evidence, as a matter of law, made these instructions applicable, and that the jury was compelled to apply them. A review of the evidence shows that the jury was entitled to find, as it did, that defendant was the aggressor and continued the combat until physically unable to do so, that he then abandoned the fight, that Jesus Camarillo struck defendant in lawful self-defense and did not strike him after he had abandoned the fight, and that the defendant did not, at any time, act in self-defense. There is no merit to the contention.

Defendant's contention that the evidence is insufficient to support the verdict and the judgment is without merit. There was, it is true, conflicting evidence. This conflict was for the jury. It resolved it against defendant. An appellate court's function under such circumstances is clear and does not require restatement here. (See *People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].) That the defendant received more serious injuries than the ''victim'' was just one of many facts for the jury to weigh.

The defendant has raised several other issues which should be commented upon. He asserts that the information is defective in that no particular deadly weapon is described. It is not necessary to describe the deadly weapon in the information. (*People* v. *De La Roi*, 23 Cal.2d 692, 697 [146 P.2d 225, 151 P.2d 837]; *People* v. *Collins*, 117 Cal.App.2d 175, 181 [255 P.2d 59], appeal dismissed and certiorari denied, 346 U.S. 803 [74 S.Ct. 33, 98 L.Ed. 334].) In regard to the contention that defendant was not taken before a magistrate within the 48-hour period provided by Penal Code, section 825, it is sufficient to point out that this contention is without support in the record.

Defendant has also alleged that several witnesses, a

Dr. Cole (the doctor who treated the injuries of Camarillo and the defendant) and Mrs. Coan, were not called to testify. Defendant, at the time of his motion for a new trial, stated that either "would probably have changed the whole thing." In his petition for hearing, he speculates that "Mrs. Coan *would not* have corroborated the People's position," and also that Dr. Cole could have testified as to any statements made to him at the time he treated the injuries of the parties. He does not allege that any such statements were made to Dr. Cole, however. It is clear that no sufficient showing has been made that the testimony of the above witnesses would have materially aided the defendant in his defense.

 Some mention should be made of the fact that the interpreter through whom Mr. Camarillo testified employed an irregular technique. Rather than repeating answers verbatim, the interpreter answered in the third person (in reference to Camarillo) and in some instances appeared to be editing, explaining or interpolating the questions and answers. Of course, it is the duty of an interpreter to interpret and report to the court every statement as made by the witness. (*People* v. *Wong Ah Bang*, 65 Cal. 305 [4 P. 19] ; see also 172 A.L.R. 923.) However, in the instant case no prejudice appears to have resulted from the method employed by the interpreter. The answers given through the interpreter do not substantially, if at all, vary from the other testimony in the case.

The judgment is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Spence, J., McComb, J., and White, J., concurred.

Appellant's petition for a rehearing was denied December 23, 1959.