[Crim. No. 6916.   Second Dist., Div. One.   Sept. 12, 1960.]

THE PEOPLE, Respondent, v. WILLIE ARRANT, Appellant.

Martha Malone Louis for Appellant.

Stanley Mosk, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

SCOTT (Robert H.), J. pro tem.*—Defendant was convicted, after trial by court without a jury, of two counts of violation of section 496, Penal Code, receiving stolen property.

*Assigned by Chairman of Judicial Council.

He was ordered placed on probation on conditions which included spending 180 days in the county jail. He appeals on the sole ground that the evidence was insufficient to sustain the determination of guilt and the order of probation.

■ The evidence disclosed that two juveniles burglarized two homes in the area of Wilmington in January, 1959, and a few days later sold to defendant property which they had stolen. The younger one, Johnson, appeared to be between 14 and 16 years of age; the older one, Gossett, appeared to be between 16 and 18 years of age.

The property set out in the first count was a radio-record player and clock radio taken from the home of one Martin. Defendant paid $5.00 for the radio and an undetermined amount for the record player.

The property set out in the second count was a golf bag and set of clubs, a brown alligator radio, a Steelman portable phonograph and a fishing tackle box and contents, all taken from the home of one Wells. Defendant paid $5.00 for the golf clubs and an undetermined amount for the other items.

Johnson and Gossett both testified to the burglaries and to the sale of the stolen property to defendant. They informed him that the articles were "hot," *i.e.*, stolen. Police officers found in the possession of defendant the stolen articles except the radio-record player which defendant told them had been purchased by his secretary. Defendant told the officers that he believed the boys were juveniles, and at first claimed that he had merely loaned the money to them but later admitted that he had not loaned the money but had purchased the articles, believing they were stolen and had paid the money for them to the boys.

In his own behalf defendant testified at the trial that the stolen articles found in his possession were either left with him as security for a small loan or were gifts from Johnson or a brother of Johnson, and denied admitting that he knew they were stolen, or that he knew the boys were juveniles.

There was adequate competent evidence to establish the guilt of defendant beyond reasonable doubt. From the age of the boys from whom defendant received the property he is presumed to have known that it was stolen. (Pen. Code, § 496.) Their testimony that they told defendant it was "hot" and defendant's admission to the officer that he knew the articles were stolen carried the proof beyond this presumption.

Appellant asks us to consider the case of *People* v. *Foreman*, 112 Cal.App.2d 616 [246 P.2d 979], in which it is stated (p. 618) that "there must be some rational connection between the evidence presented and the inference of guilt." In that case it is also pointed out that where insufficiency of evidence is the only ground advanced for reversal, that ground is sustainable only if the record shows that on no hypothesis is there evidence sufficient to support the judgment.

The cases of *People* v. *Casillas,* 60 Cal.App.2d 785 [141 P.2d 768], and *People* v. *Zammora,* 66 Cal.App.2d 166 [152 P.2d 180], both cited by defendant set out facts so completely different from those in the instant case that they afford no assistance in evaluating defendant's appeal even though they contain statements of recognized principles of criminal law. These principles were obviously observed by the court in the trial of this case, in which the presumption of innocence of defendant was overcome by competent and sufficient evidence that established his guilt beyond a reasonable doubt.

The cases of *People* v. *Boinus,* 153 Cal.App.2d 618 [314 P.2d 787], *People* v. *Lyons,* 50 Cal.2d 245 [324 P.2d 556], and others dealing with the offense of receiving stolen property make it apparent that the evidence in the case now before us is not only adequate to support the determination of guilt and the order of probation but goes beyond the minimum amount required for that purpose.

Judgment affirmed.

Fourt, Acting P. J., and Lillie, J., concurred.