[Crim. No. 82. Fifth Dist. Dec. 16, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. CHARLES LEE SMITH, Defendant and Appellant.

Chris E. Rockas, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Doris H. Maier, Assistant Attorney General, for Plaintiff and Respondent.

CONLEY, P. J.—The defendant Charles Lee Smith appeals from a judgment of conviction for the crime of robbery of the second degree.

A summary of the evidence is as follows: Shortly after midnight on February 8, 1963, Gary Shadel, part owner of the Yosemite Liquor Store in Madera was working on his books in the back room of the shop. When he heard the door of the establishment open, he came forward to the sales room and stepped behind the cash register; three men, whom he later identified as John Monroe, Ralph Malone, and Charles Lee Smith, had walked into the store; defendant Smith remained near the front door while Monroe and Malone approached the point where Mr. Shadel was standing. Monroe said that he wanted some wine; Shadel helped Monroe find the wine and returned to the cash register when he noticed that Malone was holding a "sawed off" shotgun aimed at his head. Monroe demanded money.

After Monroe obtained approximately $106 and the coin tray from the cash register, he and defendant Smith walked out of the store with that property and the bottle of wine while Malone remained for a few minutes covering Shadel with the shotgun. After Malone left, Shadel called the police; while waiting for the officers, he wrote a description of the three robbers on a piece of paper.

Later that morning the police arrested Monroe, Malone, and Smith; and Shadel positively identified them in a police lineup. Shortly after 7 a.m. on February 8, one Dollie Lackey reported to the law enforcement officers that she had found some money and the coin tray from the Shadel store on her lawn and sidewalk. The police also secured a shotgun near her home which Shadel later identified as the weapon used by Malone and found nearby additional change and a set of car keys with ''dog tags'' bearing the name of Ralph Malone.

The witness Sims of the Madera police testified that he had observed Monroe, Malone, and Smith standing together outside of Boss Smith's Cafe in Madera at approximately 11 p.m. on February 7. Malone admitted that the three men were in fact in company at Boss Smith's on February 7, and Sims testified that he had observed Monroe, Malone, and defendant Smith leave Boss Smith's together on the night before the robbery.

At the trial, Shadel positively identified Monroe, Malone, and appellant Smith and also described the clothes each wore on the morning of the robbery.

The appellant Smith's defense was a denial that he had taken part in the robbery and he urged as an alibi that he was at the home of a female friend when the robbery took place. He testified that at about 7 or 8 p.m. on February 7, 1963, he went to Boss Smith's Cafe on ''C'' Street in Madera in the company of his woman friend, Dorothy Sparks, and her sisters, Faye Sparks and Mary Miller, and the latter's husband, and that all of them remained in Boss Smith's place until about 11:30 p.m. when they went to the home of Dorothy Sparks at 421 Stenson Street in Madera. The appellant testified that he stayed there until about 1:30 a.m. of February 8 and that at the time he left the house the only person remaining awake there was Dorothy Sparks. The appellant denied any knowledge of the armed robbery. Defendant Monroe testified that Charles Lee Smith left Boss Smith's place before midnight and that he did not see any more of him before the time of arrest.

 Appellant urges that the evidence is insufficient to support the jury's verdict in that his alibi was good and should have been accepted by the jury. Respondent on the other hand contends that it is the function of the trier of fact, not the appellate court, to weigh the evidence, determine the credibility of the witnesses, and resolve conflicting testimony, and that the record is amply sufficient to support the jury's verdict. We agree with respondent's contentions.

In *People* v. *Newland*, 15 Cal.2d 678, at page 681 [104 P.2d 778], the court said: "The rule applicable where there is evidence, circumstantial or otherwise, that a crime has been committed and that the defendant was the perpetrator thereof, has been many times reiterated by the reviewing courts of this state as follows: The court on appeal 'will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt. For it is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground' of insufficiency of the evidence, 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below. ...' If the circumstances reasonably satisfy the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury." The court in *People* v. *Rosoto*, 58 Cal.2d 304, 321 [23 Cal.Rptr. 779, 373 P.2d 867] holds clearly that: "... if the circumstances reasonably justify its verdict, this court must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence." (See also *People* v. *Jackson*, 53 Cal.2d 89, 94 [346 P.2d 389].)

The jury, not the appellate court, must pass on the credibility of witnesses and consider the relative weight to be given conflicting evidence. (*People* v. *McKinney*, 152 Cal. App.2d 332 [313 P.2d 163]; *People* v. *Perez*, 58 Cal.2d 229, 237 [23 Cal.Rptr. 569, 373 P.2d 617].)

Basing his contention on some of the language contained in *People* v. *Zammora*, 66 Cal.App.2d 166, 201 [152 P.2d 180], the appellant argues that this court must review the evi-

dence, and regardless of the jury's decision, decide for itself whether or not there is a reasonable doubt of the appellant's guilt. A similar contention was properly rejected in *People* v. *Klinkenberg,* 90 Cal.App.2d 608, 625-626 [204 P.2d 47, 613], where it is said: "[The] Zammora case cannot be construed to mean that the rule of reasonable doubt which is binding on the jury in weighing the evidence likewise circumscribes an appellate court in its consideration of the record upon which the verdict rests. Defendants' suggestion that such is the rule to be followed by a reviewing court runs counter to the law as it has been firmly established in this state. It is not within the province of this court to determine conflicts of evidence. . . ." (See also *People* v. *Poindexter,* 51 Cal.2d 142, 148 [330 P.2d 763]; *People* v. *Arrant,* 184 Cal.App.2d 532, 534 [7 Cal.Rptr. 422]; *People* v. *Small,* 159 Cal.App.2d 582, 584 [324 P.2d 10].)

The two remaining cases appellant cites, *People* v. *Kross,* 112 Cal.App.2d 602 [247 P.2d 44] and *People* v. *Nunn,* 65 Cal.App.2d 188 [150 P.2d 476], are fully in accord with respondent's position.

██ Appellant contends that there is no corroborating evidence that appellant was in or near the Yosemite Liquor Store at the time the robbery took place and that there is no evidence that the bottle of wine, the coin tray or any of the stolen money was found in his possession. He urges that the sole basis upon which the jury could have found appellant guilty was the testimony of Gary Shadel, and that such testimony should be viewed with caution; he argues that it was impossible for Shadel, under the circumstances, to identify him without hesitation or instantly to recognize him as a participant because he would have been so occupied with the duress imposed by the two men standing near him who were involved in the crime. Appellant also urges that the evidence is uncontradicted that appellant was at his woman friend's house in Madera from about midnight until after 1 a.m. on February 8, 1963.

However, Gary Shadel identified appellant at the trial as one of the three men perpetrating the robbery, and he testified that Smith was dressed rather neatly, that he was wearing dress slacks and a sweater that buttoned in the front. Shadel also had identified appellant in a police lineup shortly after the robbery. ██ Appellant is asking us to believe his evidence rather than that of the prosecution; this is a misapprehension of the function of an appellate court; we are

concerned only with the legal sufficiency of the evidence to support the verdict and not whether guilt has been established beyond reasonable doubt. (*People* v. *Kellert,* 219 Cal. App.2d 57, 61 [32 Cal.Rptr. 672].)

The testimony of Shadel identifying the defendant is sufficient to uphold a conviction and it needs no corroboration. (*People* v. *Johnson,* 29 Cal.App.2d 631 [33 Cal.Rptr. 359]; *People* v. *Banham,* 219 Cal.App.2d 142 [32 Cal.Rptr. 817]; *People* v. *Tostado,* 217 Cal.App.2d 713 [32 Cal.Rptr. 178]; *People* v. *Sanders,* 217 Cal.App.2d 606 [31 Cal.Rptr. 707]; Code Civ. Proc., § 1844.) It is only when the identification of a defendant by the victim of a crime is "inherently improbable or incredible as a matter of law," that a jury's verdict based thereon can properly be set aside by an appellate court. (*People* v. *McLaine,* 204 Cal. App.2d 96, 104 [22 Cal.Rptr. 72].) The identification of appellant by Shadel was not inherently improbable or incredible; the defendant's testimony that he was somewhere other than at the scene of the crime and that he did not participate in the robbery could be rejected by the jury, if not believed. (*People* v. *McNeal,* 123 Cal.App.2d 222, 225 [266 P.2d 529]; *People* v. *Houston,* 219 Cal.App.2d 187, 191 [33 Cal.Rptr. 26].)

"It is the sole province of the jury to determine the credibility of the witnesses" and "conflicts and inconsistencies in the evidence are to be resolved by the jury." (*People* v. *Tornello,* 194 Cal.App.2d 80, 84 [14 Cal.Rptr. 799].)

The governing law is thus stated in *People* v. *Alonzo,* 158 Cal.App.2d 45, 47 [322 P.2d 42]: "The rule is firmly established that before a judgment can be set aside on the ground of the insufficiency of the evidence it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below."

The judgment is affirmed.

Brown (R.M.), J., and Stone, J., concurred.