TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 87-703 |
| of | : | NOVEMBER 5, 1987 |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| RODNEY O. LILYQUIST | : | |
| Deputy Attorney General | : | |

_____


THE HONORABLE CATHIE WRIGHT, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

May the Superintendent of Public Instruction designate the Director of Public Relations for the State Department of Education to act in his place as a member of the Commission on the Status of Women?

CONCLUSION

The Superintendent of Public Instruction may not designate the Director of Public Relations for the State Department of Education to act in his place as a member of the Commission on the Status of Women.

1

ANALYSIS

The Commission on the Status of Women ("Commission") was created by the Legislature (Gov. Code, §§ 8240-8246)[1] to study the educational, employment, and legal rights of women, to provide information concerning these rights, and to develop "programs to encourage and enable women to be fully contributing members of society" (§ 8245). (See *Miller* v. *California Com. on Status of Women* (1984) 151 Cal.App.3d 693, 696.) The Commission has 17 members, one of whom is the Superintendent of Public Instruction ("Superintendent"). (§ 8241.)

The Superintendent holds a constitutional office to which he is elected by the voters of the state. (Cal. Const., art. IX, § 2.)[2] The question presented for analysis is whether the Superintendent may designate the Director of Public Relations for the State Department of Education ("Director") to act on his behalf as a member of the Commission. We conclude that he may not.

Unless the Constitution specifically provides otherwise, the Legislature may create whatever commissions it deems appropriate, designating their duties and the members thereof. (See 56 Ops.Cal.Atty.Gen. 399, 400-401 (1973); 24 Ops.Cal.Atty.Gen. 56, 58 (1954).) The statutes dealing expressly with the Commission do not indicate that the Superintendent (or any other Commission member) may choose someone else to act in his place.

We have previously concluded that sections 7 through 7.9 limit and control the authority of a state officer to designate another person to take his or her place on a state commission, absent a specific statute (see, e.g., § 94304, subd. (a)(1)) granting such authority. (62 Ops.Cal.Atty.Gen. 479, 486-487 (1979); 29 Ops.Cal.Atty.Gen. 145, 148-149 (1957); 24 Ops.Cal.Atty.Gen. 56, 58-59 (1954).) Since neither the statutory scheme dealing with the Commission nor any other specific statute provides otherwise, we must look exclusively to these provisions for whatever authority the Superintendent may have to appoint the Director to act in his place on the Commission. We find only sections 7.6 and 7.9 applicable with respect to the Superintendent.

---

[1] All references hereafter to the Government Code are by section number only.

[2] While the Superintendent is a member of the Commission in his role as a constitutional officer, we note that he also serves as the Director of Education, the statutory executive officer of the State Department of Education. (See §§ 33300-33305; 56 Ops.Cal.Atty.Gen. 556, 560 (1973).)

2

Section 7.6 states:

"Whenever, by any law, any officer whose office is created by the California Constitution is made a member of a state board, commission, or committee, or of the governing body of any state agency or authority, such officer may designate a deputy of his or her office holding a position specified in subdivision (c) of Section 4 of Article VII of the California Constitution to act as the member in the constitutional officer's place and stead, . . .

"  . . . . . . . . . . . . . . . . . . . . . . . .

"The Superintendent of Public Instruction may designate any person in his or her office holding a position specified in Section 2.1 of Article IX of the California Constitution to act as a deputy for the purposes of this section. . . ."[3]

Pursuant to section 7.6, the Superintendent is authorized to "designate a deputy of his or her office holding a position specified in subsection (c) of Section 4 of Article VII of the California Constitution." This constitutionally specified position is one that is filled by the Superintendent, with the holder of the position exempt from the state civil service system. The Legislature has implemented this constitutional provision by enacting Education Code section 33110:

"The Superintendent of Public Instruction may employ one Deputy Superintendent of Public Instruction and necessary clerical and expert

---

[3] Section 4 of article VII of the Constitution provides:
   "The following are exempt from civil service:
   " . . . . . . . . . . . . . . . . . . . . .
   "(c) Officers elected by the people and a deputy and an employee selected by each elected officer.
   " . . . . . . . . . . . . . . . . . . . . ."
Section 2.1 of article IX of the Constitution states in part:
   "The State Board of Education, on nomination of the Superintendent of Public Instruction, shall appoint one Deputy Superintendent of Public Instruction and three Associate Superintendents of Public Instruction who shall be exempt from State civil service and whose terms of office shall be four years."

3

assistants, and may fix the compensation of all statutory and other employees as provided by law, except as otherwise provided."[4]

The Director is not the Deputy Superintendent of Public Instruction as provided in article VII of the Constitution and Education Code section 33110.

Under an additional provision of section 7.6, the Superintendent is specifically allowed to "designate any person in his or her office holding a position specified in Section 2.1 of Article IX of the California Constitution to act as a deputy" for purposes of the statute. This constitutional provision refers to the positions of "one Deputy Superintendent of Public Instruction and three Associate Superintendents of Public Instruction" appointed by the State Board of Education. The Director is neither a Deputy Superintendent of Public Instruction nor an Associate Superintendent of Public Instruction appointed by the State Board of Education. Hence, section 7.6 provides no authority for the Superintendent to designate the Director as his replacement on the Commission.[5]

Subdivision (a) of section 7.9 provides:

"Notwithstanding any provision of law to the contrary, the Controller, the Treasurer, the Director of Finance, or the Superintendent of Public Instruction may designate any deputy of his or her office to act in his or her place and stead on any state board, commission, committee, or governing board of a state agency with respect to the exercise of statutory powers and duties of any of those bodies. . . ."

---

[4] This grant of authority to the Superintendent to appoint one deputy is in distinct contrast to the authority given other constitutional officers. The Treasurer, for example, is authorized to "appoint . . . any officer or employee of his office . . . to have the powers and liabilities of a deputy" (§ 12302), while the Controller may "appoint such deputy controllers . . . as may be necessary for the proper conduct of his office" (§ 12402). Of course, some state officials have no deputies. (See 62 Ops.Cal.Atty.Gen. 24, 26 (1979); 34 Ops.Cal.Atty.Gen. 24, 26 (1959).) A government official may not appoint a deputy without appropriate legal authority. (*Rauer* v. *Lowe* (1885) 107 Cal. 229, 232-233; 62 Ops.Cal.Atty.Gen. 479, 489 (1979); 59 Ops.Cal.Atty.Gen. 97, 100-101 (1976).)

[5] We recognize that a Deputy Superintendent of Public Instruction or an Associate Superintendent of Public Instruction could conceivably hold the title and position of Director. The question presented, however, is limited to whether the Director is eligible for designation without any other title, office, or position. We thus can categorically state that the Superintendent has no authority under section 7.6 to make such designation.

4

87-703

Section 7.9 provides a wholly separate and independent authority for the Superintendent to designate a replacement on a state commission or board. The operative words of the statute are: "the Superintendent of Public Instruction may designate any deputy of his or her office to act in his or her place . . . ." Such language requires that the designated person be a deputy[6] to be eligible for the designation. (See 62 Ops.Cal.Atty.Gen. 479, 486, 488 (1979).)

In determining which persons are eligible for designation under section 7.9, we may apply several well-established principles of statutory construction. The primary rule in interpreting a statute is to "ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645; accord, *People* v. *Craft* (1986) 41 Cal.3d 554, 559.) "[W]hen interpreting a statute, if its provisions are unclear, its purpose is paramount." (*People* v. *Davis* (1981) 29 Cal.3d 814, 828.) "[T]he legislative history of the statute and the wider historical circumstances of its enactment are legitimate and valuable aids in divining the statutory purpose." (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844.) Of particular significance here is the rule that "[i]t will be presumed that the Legislature adopted the proposed legislation with the intent and meaning expressed in committee reports." (*Curtis* v. *County of Los Angeles* (1985) 172 Cal.App.3d 1243, 1250; see *San Mateo City School Dist.* v. *Public Employment Relations Bd.* (1983) 33 Cal.3d 850, 863; *Southern Cal. Gas Co.* v. *Public Utilities Com.* (1979) 24 Cal.3d 653, 659; *Kern River Access Com.* v. *City of Bakersfield* (1985) 170 Cal.App.3d 1205, 1223; *Wolfe* v. *Lipsy* (1985) 163 Cal.App.3d 633, 642, fn. 2.)

---

[6] "A deputy is one authorized to exercise the office or rights which the officer possesses, for and in place of the latter." (*Wilbur* v. *Office of City Clerk* (1956) 143 Cal.App.2d 636, 643-644; see also *People* v. *Horiuchi* (1931) 114 Cal.App. 415, 432; 50 Ops.Cal.Atty.Gen. 120, 121 (1967); 34 Ops.Cal.Atty.Gen. 24, 26 (1959); 1 Ops.Cal.Atty.Gen. 78, 80-81 (1943).) In *People ex rel. State Lands Commission* v. *Superior Court* (1974) 36 Cal.App.3d 727, 741, the court stated:

> "It is generally understood that there is a distinction between an employee, agent or representative and a deputy. 'A deputy, by the very act and authority which constitutes him such, has power to do any act which his principal may do, and to do the act in his principal's name.'"

The functions of the principal that a deputy may perform are subject to legislative and executive control. (See §§ 7, 7.7, 1194, 18572; Ed. Code, § 7; *People* v. *Woods* (1970) 7 Cal.App.3d 382, 387; *People* v. *Hagan* (1954) 128 Cal.App.2d 491, 493-494; 62 Ops.Cal.Atty.Gen. 479, 482, 486, 491 (1979); 56 Ops.Cal.Atty.Gen. 399, 401-402 (1973); 52 Ops.Cal.Atty.Gen. 75, 77 (1969); 31 Ops.Cal.Atty.Gen. 121, 125-126 (1958); 24 Ops.Cal.Atty.Gen. 56, 59 (1955).)

Prior to 1985, section 7.9 made no reference to the Superintendent. (See Stats. 1985, ch. 192, § 1; Stats. 1983, ch. 257, § 1.) He therefore had to rely upon his limited authority under section 7.6 to designate persons specified in that statute to act in his place on state commissions and boards. The legislative history of the 1985 amendment to section 7.9 is clear with respect to the purpose of the legislation. The author of the bill gave the following statement:

"Under current law, only deputies appointed under Article 7, Section 4 (c) and article 9, section 2.1 of the State Constitution can represent the Superintendent on any boards or commissions.

"At the present time there are only three deputies who meet the criteria in the Government Code. The Superintendent serves on 18 statutorily created boards and commissions, in addition to the Regents of the University of California, the California State University Board of Trustees, and the State Board of Education. The latter three are not affected by this legislation.

"AB 967 would enable the Superintendent to dispatch his statutory and constitutional duties, with education as a paramount concern. I urge an 'Aye' vote on this measure."

The report of the Senate Committee on Governmental Organization stated:

"The Department of Education argues that the Superintendent, like other constitutional officers, is a member of more commissions, and committees, etc. than he can serve on personally. AB 967 will permit the Superintendent to utilize a total of six employees to represent him, rather than the three authorized under current law."

This same statement was contained in the report of the Senate Rules Committee.

As previously indicated, the Director is not currently eligible for designation by the Superintendent under section 7.6. Such was also the case prior to 1985 when section 7.9 was amended. It is equally apparent that the amendment of section 7.9 was not intended to make the Director eligible. The three additional persons intended to be covered by the 1985 legislation were deputy superintendents of public instruction appointed by the Governor. Education Code section 33143, enacted in 1983 (Stats. 1983, First Ex. Sess., ch. 3, § 1), provides:

"In addition to the positions authorized by Section 2.1 of Article IX of the California Constitution, the Governor, with the recommendation of the

6

Superintendent of Public Instruction, shall appoint three deputy superintendents of public instruction and three associate superintendents of public instruction who shall be exempt from state civil service."

These three deputy superintendents of public instruction were not eligible to sit in place of the Superintendent under section 7.6. Section 7.9 was amended in 1985 to allow for their designation by the Superintendent.

Since the 1985 amendment of section 7.9, the Legislature has not created any additional offices of deputy superintendent of public instruction; it has not authorized the Superintendent to appoint any new deputies.[7] As previously mentioned, the Superintendent may not appoint deputies without constitutional or statutory authorization. Also, formal procedures must generally be followed in order to appoint a deputy, including the taking of an oath of office and the filing of the written appointment. (See §§ 1190-1194; 62 Ops.Cal.Atty.Gen. 479, 492-493 (1979); 50 Ops.Cal.Atty.Gen. 120, 123 (1967).)

The Director does not hold the office or title of deputy superintendent of public instruction or of associate superintendent of public instruction.[8] Sections 7.6 and 7.9 were intended by the Legislature to allow the Superintendent to designate only certain specified individuals to act in his place on state commissions and boards. The Director is not one of these eligible individuals. Since the two statutes control the delegation authority of the Superintendent with respect to his membership on the Commission, we conclude that the Superintendent may not designate the Director to act in his place as a member of the Commission.

*****

7

87-703