(236 P.3d 560)
No. 100,902

RATON K. SHAHA, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed August 6, 2010.

*Michael P. Whalen,* of Law Office of Michael P. Whalen, of Wichita, for the appellant.

*Lesley A. Isherwood,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Steve Six,* attorney general, for the appellee.

Before CAPLINGER, P.J., PIERRON, J., and BRAZIL, S.J.

PIERRON, J.: Raton Shaha appeals the district court's denial of the relief requested in his K.S.A. 60-1507 motion. He alleges the court failed to follow K.S.A. 75-4351 *et seq.* in the appointment of an interpreter at the trial and the evidentiary hearing. Shaha also challenges the district court's rejection of his ineffective assistance of counsel claim. Specifically, Shaha contends the district court erred in finding his counsel's pretrial meetings with him were adequate. We affirm.

Shaha was charged in the alternative with rape and aggravated indecent liberties with a child and was convicted of aggravated indecent liberties with a child. The district court sentenced him to serve 77 months in prison. Shaha appealed his conviction, which was affirmed by this court in *State v. Shaha,* No. 89,964, unpublished opinion filed March 19, 2004, *rev. denied* 278 Kan. 851 (2004).

On March 14, 2005, Shaha filed a motion under K.S.A. 60-1507, alleging several instances of ineffective assistance of trial counsel, including counsel's alleged failure to conduct adequate pretrial preparation with Shaha. Further, in his 60-1507 motion, Shaha

directly challenged the trial court's failure to insure that his interpreter was properly qualified under K.S.A. 75-4353. Following a nonevidentiary hearing with appointed counsel, the district court denied Shaha's request for relief. In *Shaha v. State*, No. 95,676, unpublished Court of Appeals opinion filed May 25, 2007, this court affirmed the denial of the motion. However, in the order granting Shaha's petition for review, the Kansas Supreme Court reversed and remanded the case for a full evidentiary hearing, with directions to address the issues raised in the motion as required by Supreme Court Rule 183(j) (2009 Kan. Ct. R. Annot. 251).

The district court held a hearing on May 16, 2008. Shaha; his trial interpreter, Manjur Alam; and his trial attorney, John Henderson, testified at the hearing. Following the hearing, the court again denied Shaha's request for relief. Shaha appeals.

On appeal, Shaha challenges the district court's rejection of his allegation that the trial court erred in failing to require compliance with K.S.A. 75-4353 before appointing an interpreter for Shaha in his criminal trial. Shaha also challenges the district court's failure to require compliance with this statute at the evidentiary hearing on his K.S.A. 60-1507 motion. Finally, Shaha contends the district court erred in rejecting his claim of ineffective assistance of counsel with respect to counsel's failure to conduct adequate pretrial meetings with Shaha and his failure to consistently meet with Shaha with an interpreter present.

## DISTRICT COURT'S FAILURE TO COMPLY WITH K.S.A. 75-4353

Shaha first contends that the district court erred in failing to conclude that his "claim regarding the failure of the interpreter to be statutorily vetted and deficient was a basis for a new trial." Shaha argues the record demonstrates Alam's lack of qualifications, and Shaha suggests Alam's lack of qualifications constituted structural error, requiring reversal of his conviction and a new trial.

Shaha concedes that this issue was first raised in his K.S.A. 60-1507 motion but contends the issue is properly before the court as resolution of the issue is necessary to serve the ends of justice or prevent the denial of a fundamental right. Shaha also contends that he had no ability to determine whether his interpreters were in-

terpreting correctly, which makes it incumbent upon the district court to ensure that the interpreter is qualified.

The standard cited by Shaha is appropriate for consideration of nonevidentiary issues raised for the first time on appeal. See *State v. Hawkins*, 285 Kan. 842, 845, 176 P.3d 174 (2008). However, Shaha's challenge to the court's appointment of Alam as his interpreter at trial was not raised in his direct criminal appeal but in his motion for habeas corpus relief under K.S.A. 60-1507. Where a trial error of constitutional stature is challenged in a motion under K.S.A. 60-1507, the movant must demonstrate exceptional circumstances that excused the failure to raise the issue in the direct criminal proceedings. Kansas Supreme Court Rule 183(c) (2009 Kan. Ct. R. Annot. 251); *Trotter v. State*, 288 Kan. 112, 125, 200 P.3d 1236 (2009) (noting distinction between raising an issue for the first time on appeal and raising the issue for the first time in a motion under K.S.A. 60-1507).

Here, Shaha has articulated no exceptional circumstances excusing his failure to raise the issue concerning Alam's qualifications in his direct criminal proceedings. Importantly, with respect to the appointment of an interpreter, Shaha does not allege his trial counsel was ineffective in failing to object to the appointment of Alam. Nor does Shaha allege his appellate counsel was ineffective for failing to raise the issue in his direct criminal proceedings. Finally, Shaha does not allege that newly discovered evidence or an unforeseen change in circumstances or the law prevented him from perceiving the issue during his direct criminal proceedings. See *Bledsoe v. State*, 283 Kan. 81, 88-89, 150 P.3d 868 (2007). Therefore, the issue is not properly before this court in this collateral proceeding.

However, even if this issue were properly before us, we would find that the facts of this case clearly show that any error committed by the district court as alleged would not form a basis for the relief requested by Shaha. The appointment of an interpreter is governed by K.S.A. 75-4351 *et seq*. Construction of a statute is a question of law, over which an appellate court possesses unlimited review. *State v. Jefferson*, 287 Kan. 28, 33, 194 P.3d 557 (2008).

In applicable part, K.S.A. 75-4353(c) provides:

"In appointing a qualified interpreter for a person whose primary language is other than English pursuant to the provisions of K.S.A. 75-4351 et seq., and amendments thereto, the appointing authority shall appoint: (A) A qualified interpreter who meets the following criteria . . . .

(1) A general understanding of cultural concepts, usage and expressions of the foreign language being interpreted, including the foreign language's varieties, dialects and accents;

(2) the ability to interpret and translate in a manner which reflects the educational level and understanding of the person whose primary language is other than English;

(3) basic knowledge of legal rights of persons involved in law enforcement investigations, administrative matters and court proceedings and procedures, as the case may be; and

(4) sound skills in written and oral communication between English and the foreign language being translated, including the qualified interpreter's ability to translate complex questions, answers and concepts in a timely, coherent and accurate manner."

Shaha correctly asserts that the district court failed to record its findings regarding these criteria for the interpreter it appointed at his trial as well as the interpreter appointed at the 60-1507 hearing. While the statute does not specifically mandate that the district court make its findings on the record, the better practice would be to articulate findings regarding each of these criteria to enable an appellate court to review those findings. See *State v. Robinson*, 281 Kan. 538, 546-47, 132 P.3d 934 (2006) (imposing requirement that findings regarding indigent defendant's ability to pay BIDS attorney fees be placed on the record despite absence of specific statutory mandate).

Nevertheless, Shaha's argument that the district court's error is structural, requiring his conviction to be reversed and a new trial to be held, is not persuasive. The Kansas Supreme Court has found structural error in the absence of a necessary interpreter during a critical stage of the criminal proceedings. *State v. Calderon*, 270 Kan. 241, 253, 13 P.3d 871 (2000). However, the trial in *Calderon* is distinguishable from Shaha's criminal trial because Shaha was provided with an interpreter throughout his criminal proceedings; he merely challenges the adequacy of his interpreter. See *State v. Engelhardt*, 280 Kan. 113, 124, 119 P.3d 1148 (2005) (limiting *Calderon's* structural error analysis to the facts of that case).

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." K.S.A. 60-261.

Although the district court did not specifically address the criteria of K.S.A. 75-4353(c), the court asked the parties whether they had any questions regarding Alam's qualifications. Defense counsel indicated that Alam was the only person that the defense could locate who was qualified to interpret and that Alam had been involved in the preliminary hearing. Defense counsel raised no objection during the pretrial motions hearing or at any time during trial. Consequently, appellate review of Shaha's challenge to Alam's adequacy as an interpreter is hampered by the lack of a record. Moreover, as mentioned, Shaha does not challenge the effectiveness of his counsel with respect to the failure to object to the interpreter's lack of qualifications.

"Only if the defendant makes any difficulty with the interpreter known to the court can the judge take corrective measures. To allow a defendant to remain silent throughout the trial and then, upon being found guilty, to assert a claim of inadequate translation would be an open invitation to abuse." *Valladares v. United States,* 871 F.2d 1564, 1566 (11th Cir. 1989); see also *State v. Vasquez,* 272 Kan. 692, 699, 36 P.3d 246 (2001) (rejecting a challenge to a translator for the first time on appeal as a basis for withdrawing a plea); *State v. Crane,* 260 Kan. 208, 218, 918 P.2d 1256 (1996) ("The purpose of requiring the objection is to allow the trial court to correct an error, if one occurred.").

In the present case, the record reflects very few indications that Alam's qualifications as an interpreter might be substandard. While Alam admitted that he possessed no prior experience as an interpreter, he indicated he spoke the language, "Bala," well. Alam later testified that Bala was his native language and he possessed an adequate mastery of English. On two occasions, Alam stopped the

examining attorney to request that the attorney rephrase a question because the concepts did not translate easily into Bala.

Appellate review of the adequacy of an interpreter is limited. Absent some contrary showing, courts presume that an interpreter exercising his or her official duties has acted properly. A showing that an interpreter has had some difficulty translating a question or response is not sufficient to rebut the presumption because courts have recognized that languages may not translate directly. A literal translation is not essential so long as the answers of the interpreter conveyed the same meaning expressed by the witness. *State v. Pham*, 234 Kan. 649, 663, 675 P.2d 848 (1984).

Shaha contends that Alam's inadequacy as an interpreter was demonstrated by his performance during the trial, specifically: (1) Alam failed to begin interpreting until the prosecutor brought the district court's attention to the fact that Alam was not interpreting and (2) Alam told Shaha that he would not continue to interpret if Shaha talked too much.

After Alam was sworn in at the pretrial motions hearing, the district court requested that the attorneys make a record of Shaha's ability to understand English. Henderson expressed his belief that Shaha spoke very little English and an interpreter was essential. At this point, the prosecutor noted that Alam was not interpreting.

Under the circumstances, Alam's failure to begin interpreting for Shaha during the pretrial motions hearing did not establish Alam's inadequacy as an interpreter. Because the district court indicated that it wished to address Shaha's ability to understand English, Alam might understandably have believed that he was not expected to begin interpreting. Moreover, the passage of time between Alam's oath as an interpreter and the prosecutor's comment was very brief, the intervening discussion involved only arguments by the attorneys regarding the necessity of an interpreter, and Shaha was not prejudiced by his inability to understand this portion of the proceedings because the district court ultimately appointed Alam to interpret. Alam's failure to interpret that brief part of the proceedings neither deprived Shaha of substantial justice nor reflected any language deficiency on Alam's part.

In the evidentiary hearing on Shaha's K.S.A. 60-1507 motion, Shaha testified that Alam told him not to speak too much and threatened to stop interpreting if Shaha continued to talk too much. Shaha did not provide the context for these alleged comments by Alam; however, because Shaha stated that he wanted Alam to object, the challenged comments presumably occurred during the trial. An interpreter's admonition to a criminal defendant who is interfering with the interpreter's performance of his or her duty by asking questions or making requests of the interpreter does not necessarily reflect inadequate interpretation. Without more evidence from Shaha, this court cannot determine whether his allegations, if true, demonstrated improper conduct by the interpreter.

Alam also testified at the evidentiary hearing. Although he did not specifically refute Shaha's allegations regarding the admonition to avoid talking, Alam indicated that he was able to communicate effectively with Shaha and believed that Shaha was cooperative with the defense. Alam further stated that Shaha never indicated that Alam's services were inadequate.

Even if Alam presented Shaha with an ultimatum as suggested by Shaha, Shaha fails to explain how Alam's conduct prejudiced his substantial rights. Shaha does not indicate upon what ground Shaha wished Alam to object and does not allege how the trial would have been different had his objections been voiced. At the hearing on the K.S.A. 60-1507 motion, Shaha's attorney told Shaha to tell the court anything concerning his complaints about the trial. Shaha's interpreter replied, "[T]here is like a lot of stuff he wants to tell, but he's so excited, he can't actually express it right now."

In a K.S.A. 60-1507 proceeding, the movant bears the burden of establishing errors sufficient to demonstrate the movant's entitlement to relief. Rule 183(g); *Wright v. State*, 5 Kan. App. 2d 494, 495, 619 P.2d 155 (1980). The mere allegation that Alam told Shaha to refrain from talking too much during the trial is insufficient to warrant a new trial.

Shaha also challenges the use of an interpreter at the evidentiary hearing on his K.S.A. 60-1507 motion without establishing the interpreter's qualifications according to the statutory criteria in

K.S.A. 75-4353(c). The record is clear that the district court made no findings on the record regarding the interpreter's qualifications.

However, the record is also clear that Shaha did not raise any objections to his interpreter at the hearing. It is inappropriate for this court to decide the interpreter's qualifications in the first instance unless the district court's findings are unreasonable. *Pham*, 234 Kan. at 664 ("[T]he competency of an interpreter is for the trial court to determine, [citation omitted]. Further, it is for the court to determine whether a challenge to an interpreter's competency at trial has been justified. [Citation omitted.]"); see *Valladares*, 871 F.2d at 1566. Consequently, the issue is not properly presented to this court for the first time on appeal. See *Vasquez*, 272 Kan. at 699; *Crane*, 260 Kan. at 218.

Shaha fails to carry his burden of establishing that any deficiencies in the interpretation affected his ability to present evidence in support of his claims for relief. Shaha's primary complaint about his interpreter during the evidentiary hearing is that the interpreter failed to provide a literal, word-for-word interpretation of Shaha's comments but, instead, often summarized Shaha's responses and spoke in the third person.

"There is a rebuttable presumption an interpreter in the performance of his official duty has acted regularly. *People v. DeLarco*, 142 Cal. App. 3d [294,] 307[, 190 Cal. Rptr. 757 (1983)]. Merely because an interpreter has had some problems in translating is not sufficient to rebut this presumption. 142 Cal. App. 3d at 307. Courts have recognized, as is all too evident from this case, that words in one language may not have an exact companion in another language and it is therefore impossible in certain circumstances for an interpreter to convey the precise language of the witness to the court. In *Seniuta v. Seniuta*, 31 Ill. App. 3d 408, 334 N.E.2d 261 (1975), the Illinois Court of Appeals declared an interpreter's account of the answers of a witness need not be literal as long as the answers of the interpreter and the witness amounted to the same thing. 31 Ill. App. 3d at 417. Indeed, there are situations in which the interpreter may testify to the sense in which he or she understood the witness. 31 Ill. App. 3d at 417. See also *United States v. Guerra*, 334 F.2d 138, 142-43 (2d Cir.), *cert. denied* 379 U.S. 936 (1964). The California Supreme Court in *People v. Jackson*, 53 Cal. 2d 89, 346 P.2d 389 (1959), found no error where an interpreter employed an irregular technique in answering in the third person, and in some instances editing, explaining or interpolating the questions and answers. 53 Cal. 2d at 95. No substantial deviation was observed between the interpreter's answers and other testimony in the case. 53 Cal. 2d at 95." *Pham*, 234 Kan. at 663.

The record on appeal reveals no suggestions that Shaha's testimony was misrepresented to the court by the interpreter at the K.S.A. 60-1507 hearing. Therefore, the district court's error in failing to consider the interpreter's qualifications on the record constitutes harmless error. See K.S.A. 60-261; *State v. Gunby*, 282 Kan. 39, 144 P.3d 647 (2006) (applying a harmless error analysis to the failure to provide a limiting instruction when K.S.A. 60-455 evidence is admitted at trial).

DENIAL OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Shaha also challenges the district court's denial of his ineffective assistance of counsel claim, contending that the district court's factual findings were not supported by the record. At the hearing, Shaha raised several grounds for ineffective assistance of counsel other than those possibly connected with the interpreter issue. However, on appeal, Shaha challenges the district court's ruling only with regard to attorney Henderson's interaction with Shaha prior to trial. Consequently, as the State contends, the remaining allegations of ineffective assistance of counsel are deemed abandoned. *State v. Walker*, 283 Kan. 587, 594, 153 P.3d 1257 (2007) ("An issue not briefed by the appellant is deemed waived or abandoned.").

When a person convicted of a crime seeks relief from his or her conviction based upon ineffective assistance of counsel, he or she must establish that counsel's performance fell below an objective standard of reasonable representation and that the deficient representation prejudiced his or her ability to obtain a fair trial. *Harris v. State*, 288 Kan. 414, 416, 204 P.3d 557 (2009).

"Judicial scrutiny of counsel's performance must be highly deferential. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. In order to show prejudice, a defendant must show a reasonable probability that, except for counsel's deficient performance, the result of the trial would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court considering a claim of ineffective assistance of counsel must consider all the evidence before the judge or jury. [Citation omitted.]" *Harris*, 288 Kan. at 416.

Shaha challenges the district court's findings with respect to Henderson's trial preparation with Shaha. The district court specifically found:

"The evidence presented here today demonstrates movant's attorney met with him no fewer than twelve times prior to trial. He utilized the services of an interpreter during those visits which enabled him to conduct an appropriate preliminary interview and review the evidence with movant."

Shaha takes issue with the district court's finding that Henderson utilized the services of an interpreter during *each* of Henderson's pretrial visits with Shaha. The State does not contend the trial court's statement was correct, but instead points out that Shaha does not challenge the essence of the district court's finding—*i.e.*, that counsel conducted adequate pretrial preparation with Shaha. Indeed, the State concedes that the record does not support the trial court's finding that an interpreter was present at each of counsel's 12 pretrial meetings with Shaha. Rather, the State points out that the record reflects that trial counsel visited Shaha at the jail with the interpreter on at least six different occasions for an extended period of time. Additionally, the State notes that the record shows that trial counsel's legal assistant also visited Shaha on one occasion and conducted pretrial preparation, along with the interpreter.

In addition to counsel's and the interpreter's testimony regarding pretrial visits and preparation, trial counsel also testified that Shaha was actively involved in his own case and worked with counsel by sending him approximately 20 "kites" to identify witnesses and discuss issues. Moreover, trial counsel testified that he and Shaha reviewed the details of the case together page by page. Finally, we find it significant that Shaha does not allege that he was prejudiced by trial counsel's failure to have an interpreter present at each pretrial meeting with his client.

Thus, we conclude that although the district court erred in finding that trial counsel was accompanied by an interpreter at each visit with Shaha, substantial competent evidence supports the district court's determination that trial counsel engaged in adequate pretrial preparation with Shaha. See *Bellamy v. State*, 285 Kan. 346, 354-55, 172 P.3d 10 (2007).

Affirmed.