NOT DESIGNATED FOR PUBLICATION

No. 112,781

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATEO FRANCISCO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Seward District Court; CLINT B. PETERSON, judge. Opinion filed November 13, 2015. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Russell W. Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., GREEN and POWELL, JJ.

*Per Curiam*: Mateo Francisco appeals the trial court's summary denial of his postsentencing motion to withdraw plea. On appeal, Francisco argues that the trial court erred by denying his motion because his plea was not understandingly made for two reasons. First, Francisco asserts that his plea was not understandingly made because the trial court failed to place the interpreter under oath as required by K.S.A. 75-4354(a). Second, Francisco asserts that his plea was not understandingly made because he did not completely understand his Spanish-speaking interpreter given that his primary language is "Chuk." Nevertheless, as detailed below, Francisco's motion was untimely filed and is procedurally barred. Moreover, even if Francisco's motion was timely and therefore not

1

procedurally barred, his arguments on appeal do not entitle him to relief. Accordingly, we affirm the trial court's summary denial of Francisco's motion to withdraw plea.

Francisco pled no contest to one count of aggravated indecent liberties with a child under 14 years old, an off-grid person felony in violation of K.S.A. 21-3504(a)(3)(A). On February 26, 2010, the trial court sentenced Francisco to life in prison with a mandatory minimum of 25 years before parole eligibility. At Francisco's first appearance, plea hearing, and sentencing hearing, Francisco communicated through a Spanish-speaking interpreter.

On February 3, 2014, Francisco filed a pro se "Motion to Withdraw Plea to Prevent Manifest Injustice." In this motion, Francisco argued that he "did not know enough . . . Spanish to completely understand what was going on in his plea agreement hearing." Francisco, who is a Guatemalan national, stated that his primary language is "Chuk." Thus, Francisco asserted that he should be allowed to withdraw his plea because he did not completely understand the Spanish-speaking interpreter given that his primary language is "Chuk."

The trial judge, who had also presided over Francisco's first appearance, plea hearing, and sentencing hearing, summarily denied Francisco's motion. In the order denying the motion, the trial judge determined that summary disposition was appropriate because his bench notes indicated that there was a determination that Francisco spoke Spanish before his first appearance. The trial judge also pointed out that neither Francisco nor Francisco's attorney ever indicated that he was having difficulties understanding the Spanish-speaking interpreter. Moreover, the trial judge found that the transcripts of Francisco's hearing proved that he understood the interpreter because he "was able to articulate detailed responses back to the court through the Spanish interpreter."

*Did the Trial Court Err by Summarily Denying Francisco's Postsentencing Motion to Withdraw Plea?*

"Summary denial of a postsentence plea withdrawal motion is reviewed de novo if there was no argument and evidentiary hearing." *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014) (citing *State v. Moses,* 296 Kan. 1126, 1127-28, 297 P.3d 1174 [2013]). This is because an appellate court has the same access to the motions, records, and files as the trial court. *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014).

*Is Francisco's Motion Procedurally Barred Because He Failed to Argue Excusable Neglect for His Untimely Motion to Withdraw Plea as Required by K.S.A. 2014 Supp. 22-3210(e)(2)?*

Before this court can address the merits of Francisco's arguments, we must first consider whether Francisco's motion is procedurally barred under K.S.A. 2014 Supp. 22-3210(e)(2). After sentencing, a defendant must move to withdraw plea

> "within one year of: (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2014 Supp. 22-3210(e)(1).

Under K.S.A. 2014 Supp. 22-3210(e)(2), however, this time limitation "may be extended by the court only upon an additional, affirmative showing of excusable neglect by the defendant." Thus, if a defendant fails to move to withdraw his or her plea within the jurisdictional time limits stated under K.S.A. 2014 Supp. 22-3210(e)(1), then that defendant must make an additional affirmative showing of excusable neglect to the trial court in order to withdraw plea. When a defendant fails to make an additional affirmative

3

showing of excusable neglect, an appellate court will find the motion untimely and procedurally barred. See *Moses*, 296 Kan. at 1128.

In this case, Francisco was sentenced on February 26, 2010. Moreover, this appeal is Francisco's first appeal. Accordingly, to comply with K.S.A. 2014 Supp. 22-3210(e)(2) time limits, Francisco should have moved to withdraw his plea by March 12, 2011, which is 1 year following the termination of appellate jurisdiction. Yet, Francisco moved to withdraw his plea on February 3, 2014. Because Francisco did not move to withdraw his plea within the K.S.A. 2014 Supp. 22-3210(e)(1) time limits, under K.S.A. 2014 Supp. 22-3210(e)(2), he was required to make an additional affirmative showing of excusable neglect to extend the K.S.A. 2014 Supp. 22-3210(e)(1) time limits. As the State points out in its brief, however, Francisco made no such showing in his motion.

In Francisco's motion, Francisco never argued excusable neglect. In fact, Francisco never even addressed that he was moving to withdraw his plea beyond the K.S.A. 2014 Supp. 22-3210(e)(1) time limits. In Francisco's reply brief, filed under Kansas Supreme Court Rule 6.05 (2014 Kan. Ct. R. Annot. 48), Francisco admits that he failed to argue excusable neglect in his motion. Nevertheless, Francisco urges this court to ignore this failure because he could have made an affirmative showing of excusable neglect if only the trial court had provided him with counsel and given him an opportunity to argue excusable neglect at an evidentiary hearing. Francisco asserts that even if this court determines that his motion is procedurally barred, this court should remand to the trial court with directions to appoint counsel and hold an evidentiary hearing so he can make an affirmative showing of excusable neglect.

In making this argument, though, Francisco ignores the fact that our Supreme Court has held that when a defendant moves to withdraw plea, that defendant is not automatically entitled to an evidentiary hearing. See *Kelly*, 298 Kan. at 969. Instead, a defendant must prove that he or she raises arguments entitling an evidentiary hearing.

4

*Kelly*, 298 Kan. at 969. When a defendant's motion does not raise a "substantial question of law or triable issue of fact and the files and records conclusively show the defendant is not entitled to relief on the motion," summary disposition is proper. *Kelly*, 298 Kan. at 969 (citing *State v. Jackson,* 255 Kan. 455, Syl. ¶ 4, 874 P.2d 1138 [1994]); see also *State v. Baker*, No. 106,171, 2012 WL 5392094, at *2 (Kan. App. 2012) (unpublished opinion), where this court rejected Baker's argument that he was entitled to an evidentiary hearing to prove excusable neglect because our Supreme Court has held summary disposition  is proper when a defendant's motion fails to raise substantial issues of fact or law; *State v. Reed*, No. 111,663, 2015 WL 4716290, at *4 (Kan. Ct. App. 2015) (unpublished opinion) (citing *Wilkerson v. State*, 38 Kan. App. 2d 732, 734, 171 P.3d 671 [2007]; *Kelly,* 298 Kan. at 971), where this court compared the manifest injustice exception under K.S.A. 60-1507 to the excusable neglect exception under K.S.A. 2014 Supp. 22-3210(e)(2), holding a defendant must show excusable neglect for the failure to timely file his or her motion within "'the motion itself or at least presented to the district court or it will not be considered on appeal.'"

Thus, Francisco's argument that the trial court should have provided him with counsel and an evidentiary hearing so he could have argued excusable neglect fails because he was not entitled to an evidentiary hearing as an automatic right upon the filing of his motion to withdraw plea. Francisco had the burden to raise substantial questions of law or triable issues of fact, including an additional affirmative showing of excusable neglect, in his motion to withdraw plea. Without such an argument, the trial court correctly denied his motion because he had not proved that he was entitled to an evidentiary hearing.

Accordingly, because Francisco failed to make an additional affirmative showing of excusable neglect in his motion as required by K.S.A. 2014 Supp. 22-3210(e)(2), his motion was untimely and is procedurally barred. Although the trial court summarily denied Francisco's motion based on its merits, this court can nonetheless uphold the trial

court's decision given that it reached the correct result despite its erroneous reasoning. See *State v. May*, 293 Kan. 858, 870, 269 P.3d 1260 (2012) (holding that if a trial court reaches the correct result, its decision will be upheld even though it relied upon the wrong ground or assigned erroneous reasons for its decision).

*Even if Francisco's Motion Is Not Procedurally Barred, Can He Prove That the Trial Court Erred by Summarily Denying His Motion to Withdraw Plea?*

Moreover, it is important to note that even if Francisco's motion is not procedurally barred, his arguments regarding why he was entitled to an evidentiary hearing on his motion to withdraw plea are unpersuasive. Again, Francisco asserts that his plea was not understandingly made because the interpreter never took an oath as required by K.S.A. 75-4354(a). It seems that Francisco questions whether the interpreter truthfully translated his responses given that he failed to take an oath; in turn, this failure calls into doubt whether Francisco understandingly made his plea. Francisco also argues that he was entitled to an evidentiary hearing because he did not completely understand his Spanish-speaking interpreter given that his native language is "Chuk." Accordingly, Francisco asserts that his plea was not understandingly made for two reasons: (1) the trial court failed to place the interpreter under oath; and (2) he did not completely understand the Spanish-speaking interpreter because his primary language is "Chuk." Nevertheless, neither of Francisco's arguments have merit.

*The Oath Argument*

Regarding the oath argument, Francisco argues that the trial court failed to place the interpreter under oath based on the fact that there is no record of the interpreter taking an oath in any of Francisco's hearing transcripts. Francisco argues that the interpreter's failure to take an oath "casts uncertainty on the extent to which [he] understood his plea." Even though there is no evidence that the interpreter took an oath within the record on

6

appeal, the State does not concede that the trial court failed to place the interpreter under oath. Regardless, Francisco's oath argument fails because he raises the issue for the first time on appeal and because he failed to object to the alleged failure to place the interpreter under oath before the trial court.

As the State points out in its brief, Francisco alleges that the trial court failed to place the interpreter under oath for the first time on appeal. In his reply brief, Francisco asserts that he is not raising the oath argument for the first time on appeal because whether the interpreter took the oath is "merely a factor that should be considered when this Court considers whether [he] understandingly entered his plea." Yet, this argument is unconvincing. In Francisco's motion to withdraw plea, Francisco never alleged that the interpreter failed to take an oath or that this alleged failure somehow affected how he understood his plea. Francisco first alleged that the trial court failed to place the interpreter under oath in his appellate brief. Although Francisco asserts that he is not raising the oath argument for the first time on appeal because the oath argument involves whether he understandingly made his plea, an issue he raised in his motion before the trial court, the fact is that Francisco never asserted in his motion before the trial court that his plea was not understandingly made based on the failure to place the interpreter under oath. Instead, he raised the oath argument for the first time in his appellate brief. Thus, Francisco's argument that the oath issue is somehow an extension of the argument he raised before the trial court is meritless.

As a result, Francisco is raising this issue for the first time on appeal. Generally, issues not raised before the trial court cannot be raised for the first time on appeal. *Kelly*, 298 Kan. at 971. An exception to this rule is when the consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). In Francisco's case, there are two reasons why Francisco cannot raise the oath argument for the first time on appeal.

7

First, Francisco addressed the fact that he was raising the oath argument for the first time on appeal in his reply brief. Under Kansas Supreme Court Rule 6.05 (2014 Kan. Ct. R. Annot. 48), an appellant may not raise a new issue in a reply brief. If the appellant should have addressed an issue in his or her appellate brief, the appellant cannot circumvent Rule 6.05 by addressing the issue for the first time on appeal in a reply brief. See *State v. McCullough*, 293 Kan. 970, 984, 270 P.3d 1142 (2012). In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), our Supreme Court held that under Kansas Supreme Court Rule 6.02(a)(5) (2014 Kan. Ct. R. Annot. 40), a defendant must address why an issue is being raised for the first time on appeal. An appellant risks having that issue deemed waived or abandoned by failing to do so. *Williams*, 298 Kan. at 1085. In this case, there is an argument that Francisco should have addressed the fact that he was raising this issue for the first time on appeal in his appellate brief given that he clearly raised the oath argument for the first time on appeal. Thus, this court finds that Francisco has abandoned the oath argument because he failed to raise the argument in his appellate brief.

Second, even if Francisco had not abandoned the oath argument, Francisco's argument regarding why this court should consider this argument for the first time on appeal is weak. In his reply brief, Francisco compares his case to *State v. Calderon*, 270 Kan. 241, 253, 13 P.3d 871 (2000), where our Supreme Court held that the absence of a necessary interpreter during a critical stage of a defendant's criminal proceedings was structural error. Francisco asserts that the trial court's failure to place the interpreter under oath was structural error; thus, this court can consider the issue for the first time on appeal because it is necessary to serve the ends of justice. Nevertheless, the facts of Francisco's case are different from the facts of Calderon's case.

In *Calderon*, Calderon did not have an interpreter during closing arguments, which is a critical stage of a defendant's criminal proceedings. 270 Kan. at 253-54. In Francisco's case, however, the trial court always provided Francisco with an interpreter.

8

The problem in Francisco's case is whether the trial court placed the interpreter under oath. Consequently, Francisco's case is not comparable to the facts in *Calderon*. Because the facts of *Calderon* are inapplicable, Francisco's argument that the consideration of his oath argument is necessary to serve the ends of justice is unpersuasive.

Finally, even if this court could consider Francisco's argument that the trial court failed to place the interpreter under oath for the first time on appeal, Francisco has failed to preserve the issue. Although Francisco asserts that the trial court failed to place the interpreter under oath, Francisco never objected to this failure. In the record on appeal, Francisco has included the transcripts from his first appearance, his plea hearing, and his sentencing hearing. Francisco never objected to the trial court's failure to place the interpreter under oath at those hearings. In fact, at Francisco's plea hearing, Francisco's attorney entered his appearance by stating, "Your Honor, the defendant Mateo Francisco, appears in person, in custody, and with counsel, Paul Kitzke. Also, for the record, it shall reflect the court interpreter, Juan Mateo, appears as assistance to Mr. Mateo Francisco."

Thus, Francisco's attorney specifically acknowledged that there was an interpreter without making any objections to the trial court's alleged failure to place the interpreter under oath or the interpreter's qualifications.

In *Shaha v. State*, 44 Kan. App. 2d 334, 236 P.3d 560 (2010), *rev. denied* 292 Kan. 965 (2011), Shaha challenged the adequacy of his interpreter for the first time in a K.S.A. 60-1507 motion. The *Shaha* court explained how appellate review of Shaha's challenge of his interpreter's qualifications was hampered by Shaha's failure to object below. 44 Kan. App. 2d at 338. The *Shaha* court stated:

> "'Only if the defendant makes any difficulty with the interpreter known to the
> court can the judge take corrective measures. To allow a defendant to remain silent
> throughout the trial and then, upon being found guilty, to assert a claim of inadequate

9

translation would be an open invitation to abuse.'" 44 Kan. App. 2d at 338 (quoting *Valladares v. United States*, 871 F.2d 1564, 1566 [11th Cir. 1989]).

In Francisco's case, as in *Shaha*, Francisco has hampered appellate review by failing to object to the trial court's alleged failure to place the interpreter under oath. Clearly, if Francisco had objected below, the trial court would have taken corrective measures by placing the interpreter under oath; thus, there would be no issue on appeal. Because Francisco failed to object to the trial court's failure to place the interpreter under oath, he has failed to preserve this issue for appeal.

*Francisco's Primary Language Is "Chuk" Argument*

Regarding the "Chuk" argument, Francisco argues that he did not completely understand the Spanish-speaking interpreter because his primary language is "Chuk." Francisco argues that this assertion, in and of itself, warranted an evidentiary hearing. Yet, Francisco's argument is conclusory. Francisco never cites to any examples of when he did not completely understand the interpreter. Instead, Francisco asks this court to accept his assertion that he did not completely understand the Spanish-speaking interpreter as truth without any additional evidence to support the assertion. When a defendant fails to allege any facts to support his or her arguments to withdraw plea, that defendant is not entitled to an evidentiary hearing because his or her arguments are conclusory. See *Jackson*, 255 Kan. at 462-63. Therefore, Francisco has failed to show that he was entitled to an evidentiary hearing on his motion because his argument that he did not completely understand his interpreter given that his primary language is "Chuk" is conclusory.

Furthermore, it is important to note that the record on appeal supports that Francisco understood the Spanish-speaking interpreter. First, Francisco never informed the trial court that he did not completely understand his interpreter. This indicates that

Francisco was not having any difficulty understanding the interpreter. Additionally, as with Francisco's oath argument, Francisco's failure to make the fact that he did not completely understand the interpreter known to the trial court hampers this court's ability to effectively review the argument. It is also worth mentioning that in summarily denying Francisco's motion, the trial judge stated that he had written down in his bench notes that he had determined that Francisco and the Spanish-speaking interpreter could effectively communicate with each other. Yet, Francisco does not include those bench notes in the record on appeal. A defendant claiming error has the burden of designating a record that affirmatively shows prejudicial error. This court will presume the action of the trial court was proper without such a record. *State v. Bridges*, 297 Kan. 989, 1001, 306 P.3d 244 (2013).

Second, through his interpreter, Francisco gave complex responses to the trial court's questions. For instance, at his first appearance, when the trial court asked whether he would hire his own attorney or needed an attorney appointed, Francisco stated, "I want to have an opportunity to talk to my brother-in-law to see if he could hire one for me." This supports that Francisco understood the Spanish-speaking interpreter and could communicate with the Spanish-speaking interpreter. Third, none of Francisco's responses indicated that he did not understand his Spanish-speaking interpreter. Moreover, Francisco gave appropriate responses to questions during his plea colloquy. Fourth, Francisco's arrest warrant affidavit states that Francisco made a detailed confession to the crime of aggravated indecent liberties with a child via a Spanish-speaking interpreter.

Thus, even considering the merits of Francisco's argument, nothing in the record on appeal supports that he could not understand his Spanish-speaking interpreter. Consequently, the trial court correctly denied Francisco's postsentencing motion to withdraw plea without an evidentiary hearing.

In summary, Francisco's postsentencing motion to withdraw plea was untimely and is procedurally barred because he has failed to argue excusable neglect for his untimely motion as required under K.S.A. 2014 Supp. 22-3210(e)(2). Furthermore, even if his motion was timely and therefore not procedurally barred, he has failed to establish that the trial court erred by denying his motion. Accordingly, we affirm the trial court's summary denial of Francisco's postsentencing motion to withdraw plea.